Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson, Member, Hon. David Cybulski.

STATE OF MONTANA,
Plaintiff,                                          No. DC-00-5
vs.                                                 Decision
KEVIN L. MORGAN,
Defendant.

On March 2, 2000, the defendant was sentenced to the following: Count I: Five (5) years in the Montana State Prison; and Count II: Six (6) months in the Gallatin County Detention Center, to run consecutively with Count I.

On August 25, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Brock Albin. The state was represented by Marty Lambert.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be amended to the following: Count I: five (5) year commitment to the Department of Corrections; the sentence imposed in Count II shall remain the same. It is the Board's recommendation to the Department of Corrections that the Defendant be screened for entry into the Treasure State Correctional Training Center. All of the

conditions imposed by the trial court are affirmed, with the addition that the defendant be required to pay for and successfully complete a counseling assessment with a focus on violence, dangerousness, and chemical dependency as required by §45-5-206, MCA. The defendant shall follow through on any recommendations made by the counseling provider; the counseling provider is to be approved by the sentencing court; the counseling must include a counseling assessment and a minimum of 25 hours of counseling in addition to the assessment; the assessment and counseling must be with a person licensed under Title 37, chapter 17, 22, or 23; and the counseling must be directed to the defendant's violent conduct.

The reason for the amendment is that the Board feels this sentence will better ensure the defendant's need for rehabilitative treatment, and for the ultimate protection of the victim and society in general.

Done in open Court this 25th day of August, 2000.

DATED this 11th day of September, 2000.

Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson, Member, Hon. David Cybulski.